E. A. WEDGWOOD, SHERIFF, V. A. B. WITHERS ET AL.

[FILED NOVEMBER 2, 1892.]

Replevin: THE EVIDENCE in this case examined and considered, and *held* insufficient to support the verdict of the jury.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*Thummel & Platt, Abbott & Caldwell,* and *A. W. Agee,* for plaintiff in error.

*Thompson Bros.,* and *Montgomery & Montgomery, contra.*

NORVAL, J.

This suit was instituted in the court below by the defendants in error to recover the possession of a stock of dry goods, boots, shoes, hats, caps, and other merchandise, which had been seized by the plaintiff in error, as sheriff of Hall county, to satisfy certain executions issued upon judgments rendered against Jesse H. Withers and Gustavus Kolls. There was a trial to a jury, with verdict and judgment in favor of plaintiffs below.

But a single question is presented for our consideration, and that is: Does the evidence sustain the verdict? It is insisted that the goods levied upon by the sheriff, which are in controversy in this action, were purchased by, and belonged to, the defendants in error. It is undisputed that on the 16th day of February, 1889, the said Jesse H. Withers and Gustavus Kolls were engaged in the mercantile business in Grand Island under the firm name and style of Withers & Kolls, and were then indebted to wholesale houses and others in sums aggregating more than $18,000. On said date their stock of goods, which was covered by insurance, was destroyed by fire. Shortly thereafter they made settlement with the insurance companies, and received over $13,000 in cash. Subsequent to the loss, but prior to its adjustment, they wrote to their creditors saying that they would pay as soon as the insurance companies adjusted their loss; but as soon as they had effected a settlement with the insurance companies and received the money from them, so that it was beyond the reach of creditors, they sent to their various creditors a proposition offering to pay fifty cents on the dollar of their indebtedness, in full settlement. Some of the creditors

accepted the proposition, while others commenced attachment proceedings, and others still obtained judgments on their claims and had executions issued. To the creditors who declined to accept the terms of settlement proposed, they have refused to pay anything.

It also appears that said Jesse H. Withers and Gustavus Kolls on April 10, 1889, procured their wives, the defendants in error, to file a certificate of copartnership. A new stock of goods was purchased, and on the 20th day of the same month business was resumed at the old stand under the old firm name of Withers & Kolls. The husbands had exclusive control and management thereof the same as before the fire. They took goods from the store for their own use without charging themselves therewith. They did not keep any account of the moneys which were taken from the store and used by either of them, nor have they ever rendered an account of the business to their wives. The defendants in error had no money, yet the record shows several hundred dollars were paid in cash on the goods at the time the same were purchased. A pertinent inquiry—who furnished the money? The proofs disclose that of the $13,000 received from the insurance companies only about $9,000 was paid to the creditors of the old firm of Withers & Kolls, and the remaining $4,000 they failed to account for, although repeatedly requested so to do when upon the witness stand. A fair inference from the testimony is that the first cash payment on the goods was made out of moneys received from the insurance companies, and all others were made from the proceeds of the sale of goods or moneys borrowed. It is certain that the first payment on the stock was not derived from the $2,500 borrowed from one of the banks in Grand Island, as claimed by defendants in error, for the reason the same was paid several days prior to the making of the loan. As to this loan, it was negotiated by Jesse H. Withers and Gustavus Kolls, each signing his wife's name to the note given therefor.

It is suggested that the payment of the goods, which were purchased on credit after the fire, was secured by mortgage on the separate properties of the wives. While it is true for the purpose of obtaining goods on credit from Kerkendall, Jones & Co., and Samuel C. Davis, a mortgage was given upon two pieces of real estate in Grand Island to Charles A. Coe as trustee for said parties, yet the evidence is undisputed that on and prior to December 24, 1887, one of these tracts belonged to Jesse H. Withers, and the other was owned by Gustavus Kolls; that Withers, without any consideration therefor, made a deed to his tract directly to his wife, which deed purports to have been executed on December 24, 1887, and a deed bearing the same date was executed by Kolls, without consideration, for the premises belonging to him, to Mrs. Kolls. Neither of these conveyances was placed upon record until after the fire and about the time the alleged new partnership was formed. While the real estate thus conveyed was exempt, and not subject to fraudulent alienation, the same being the homesteads of the parties, the proofs satisfy us that the placing of these transfers upon record and the making of the mortgage to Coe were parts of the scheme devised by the husbands to enable them to resume business in the name of their wives, without paying the creditors of the old firm of Withers & Kolls who had declined to compromise their claims for fifty cents on the dollar. After a careful consideration of the evidence we have reached the conclusion that it fails to support the finding of the jury. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.